UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL SCOTT MALOTT,

            Plaintiff,                        Case No. 1:15-cv-1092

v.                                              Honorable Gordon J. Quist

UNKNOWN HILL et al.,

            Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Washington, Mackie, and Dunn. The Court will serve the complaint against the remaining Defendants.

**Discussion**

I.  Factual allegations

Plaintiff Michael Malott presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Oaks Correctional Facility (ECF). He sues MDOC Director Heidi Washington and the following ECF officials: Sergeants (unknown) Hill, (unknown) Yount, (unknown) Baker, (unknown) Mitchell, and (unknown) Biddle; Lieutenants (unknown) McKlindon, (unknown) Schreiber, and (unknown) Riggs; Warden Thomas Mackie; Resident Unit Manager (unknown) Thomas; Nurse A. Briske; and Correctional Officers (unknown) Aron, (unknown) Kopfman, (unknown) Bladzak, (unknown) Black, (unknown) Guzikowski, (unknown) Dunn, (unknown) Homrich, and (unknown) Farago.

Plaintiff's complaint centers around his treatment at ECF between October 2 and October 7, 2015, during the time he was involved in settling litigation against officials at the Marquette Branch Prison who had failed to protect him from a gang assault after he had provided information to Ionia County detectives about the stabbing of another prisoner. *See Malott v. Marshall et al.*, No. 2:12-cv-405 (W.D. Mich.). Plaintiff contends that Defendants Hill, Yount, Baker, Mitchell, Biddle, McKlindon, Riggs, Thomas, Briske, Aron, Kopfman, Bladzak, Black Guzikowski, Homrich and Farago engaged in following malicious acts, in retaliation for Plaintiff's grievances and lawsuit: taunting and threatening him; spitting in and putting pubic hairs in his food; refusing to provide him meals; allowing his cell to stay flooded from toilet overflow for a full day; pushing his property into the flooded water; putting him in top-of-bed restraints without cause; holding his nose and covering his mouth while he was restrained; punching him in the face, stomach and genitals; leaving him in an extremely cold cell with no blankets, sheets or clothing; and refusing to treat his medication overdose. On his way to a telephone conference with the federal court on

October 5, Defendants Biddle Yount, Thomas, Guzikowski and Black threatened to kill him, to spit in his food, and to throw away his legal property if he wrote a grievance against them or reported his treatment to the court. On October 6, 2015, on his way to another telephone conference with the Court, Defendants Baker and Kopfman threatened to kill him and to tell other prisoners that he was a snitch if he filed a grievance against Defendants for their various cruel and retaliatory acts.[1]

Plaintiff alleges that he wrote to Defendant Washington on October 4, 2015, explaining the assaults, beating, threats, and denials of food. He asked to be transferred for his safety. Washington did not respond. Plaintiff contends that both MDOC Director Washington and Warden Mackie are responsible for the running of the prison and therefore responsible for his treatment.

Plaintiff seeks nominal, compensatory and punitive damages, together with a series of injunctions, including transfer to another facility.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state

---

[1] According to the docket sheet of Case No. 2:12-cv-405, telephone settlement conferences were held on September 21, 2015 (ECF No. 143) and October 6, 2015 (ECF No. 146). The court issued a notice of the October 6 settlement conference on October 5, 2015. The parties submitted a stipulation and proposed order of dismissal on October 12, 2015, which was granted on October 13, 2015 (ECF No. 148).

a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with

any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even to mention Defendant Dunn in the body of his complaint. His allegations against Defendant Dunn therefore fall short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

In addition, Plaintiff fails to make specific factual allegations against Defendants Washington and Mackie, other than his claim that they failed to properly supervise their subordinates or failed to respond to his grievances or complaints. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure

to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Washington and Mackie engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Upon initial review, the Court concludes that Plaintiff has made sufficient factual allegations to warrant service of the complaint on the remaining Defendants.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Washington, Mackie, and Dunn will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against the remaining Defendants.

An Order consistent with this Opinion will be entered.


Dated: November 6, 2015                         /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE