UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MALOTT,

        Plaintiff,                                Case No. 1:15-CV-1092

v.                                             HON. GORDON J. QUIST

UNKNOWN HILL, et al.,

        Defendants.
                             /

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 6, 2019, Magistrate Judge Ray Kent issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion for summary judgment with regard to Plaintiff's claims: (1) that Defendants Guzikowski, Black, and Homrich retaliated against Plaintiff by tampering with his food on October 2, 2015; (2) that Defendants Kopfman, Aron, Bladzak, Black, and Guzikowski retaliated against him by placing him in restraints on October 3, 2015; and (3) against Defendants for monetary damages in their official capacity. (ECF No. 101 at PageID.393.) The magistrate judge recommended that the motion be denied in all other respects.

Plaintiff has filed a document titled "Motion Response to Judge's Report & Recommendation," which the Court construes as an objection. (ECF No. 102.) Pursuant to Federal Rule of Civil Procedure 72(b)(2), "a party may serve and file *specific written objections* to the proposed findings and recommendations" of a magistrate judge. "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)). A general objection that fails to specify the issues in contention equates to no objection. *Id.*

Plaintiff's objection is, at best, a general objection that equates to no objection. Plaintiff raises two points. First, he says that he did not receive a copy of Defendants' motion for summary judgment. This statement is untrue. On or about July 16, 2018, Plaintiff filed a document (ECF No. 94) titled "Response to Defendants [sic] Summary Judgment." In that document, Plaintiff addresses the arguments Defendants raised in their motion. It is thus clear that Plaintiff received a copy of Defendants' motion, consistent with Defendants' representation in their certificate of service. Second, Plaintiff says that he understood that the parties had reached a settlement. If, in fact, the parties have settled the case, the Court has no knowledge of it, and nothing in the docket report reflects a settlement. Thus, the magistrate judge was correct to issue the R & R.

Having reviewed the R & R de novo, the Court finds no reason to reject it.

Therefore,

**IT IS HEREBY ORDERED** that the March 6, 2019, Report and Recommendation (ECF No. 101) is approved and adopted as the Opinion of the Court, and Plaintiff's Objection (ECF No. 102) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 88) is **GRANTED** with regard to Plaintiff's claims for monetary damages against Defendants in their official capacities and with regard to Plaintiff's claims that Defendants Guzikowski, Black, and Homrich retaliated against Plaintiff by tampering with his food on October 2, 2015, and that Defendants Kopfman, Aron, Bladzak, Black, and Guzikowski retaliated against him by placing him in restraints on October 3, 2015. The motion is **DENIED** in all other respects.

Dated: March 28, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE